# U.S. District Court
## Western District of Kentucky (Louisville)
## CRIMINAL DOCKET FOR CASE #: 3:21−mj−00029−CHL−1

Case title: USA v. Sparks

Date Filed: 01/20/2021
Date Terminated: 01/22/2021

Assigned to: Magistrate Judge
Colin H. Lindsay

**Defendant (1)**

**Michael Sparks**
*TERMINATED: 01/22/2021*

represented by **Brian Butler**
Stites & Harbison, PLLC − Louisville
400 W. Market Street, Suite 1800
Louisville, KY 40202−3352
502−594−1802
Fax: 502−584−1212
Email: bbutler@stites.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Opening)** | |
| --- | --- |
| None | |

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Terminated)** | |
| --- | --- |
| None | |

| **Complaints** | **Disposition** |
| --- | --- |
| Removal from District of Columbia | |

**Plaintiff**

**USA**

represented by **Joshua D. Judd**
U.S. Attorney Office − Louisville

717 W. Broadway
Louisville, KY 40202
502−625−7049
Email: joshua.judd@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/20/2021 | | | Arrest (Rule 5) of Michael Sparks. (DLW) (Entered: 01/20/2021) |
| 01/20/2021 | 1 | 3 | Rule 5 Documents Received from District of Columbia, Case Number 1:21−mj−00098−RMM as to Michael Sparks. (DLW) (Entered: 01/20/2021) |
| 01/20/2021 | 2 | 15 | APPEARANCE Bond Entered in amount of $25,000 unsecured as to Michael Sparks (Attachments: # 1 Order setting conditions of release) (DLW) (Entered: 01/20/2021) |
| 01/20/2021 | | | Proceedings held before Magistrate Judge Colin H. Lindsay: Initial Appearance via Video Conference in Rule 5(c)(3) Proceedings as to Michael Sparks held on 1/20/2021. (Court Reporter: Digitally Recorded.) (DLW) (Entered: 01/21/2021) |
| 01/21/2021 | 3 | 20 | ORDER by Magistrate Judge Colin H. Lindsay on 1/20/2021 as to Michael Sparks: Initial appearance via video conference held on 1/20/2021. Defendant is released on a $25,000 unsecured bond with an order setting conditions of release. Preliminary Examination set for 1/22/2021 at 1:00 PM via VideoConference before Magistrate Judge Colin H. Lindsay. cc: Counsel (DLW) (Entered: 01/21/2021) |
| 01/21/2021 | 4 | 21 | Waiver of Preliminary Hearing by Michael Sparks. (TLB) (Entered: 01/21/2021) |
| 01/21/2021 | 5 | | TEXT ORDER by Magistrate Judge Colin H. Lindsay on 1/21/2021. Per filing of DN 4 Waiver, the preliminary hearing scheduled for 1/22/2020 is REMANDED from the docket.<br><br>This Notice of Electronic Filing is the Official ORDER for this entry. No document is attached.<br><br>cc:counsel (TLB) (Entered: 01/21/2021) |
| 01/22/2021 | 6 | 22 | ORDER by Magistrate Judge Colin H. Lindsay on 1/22/2021 as to Michael Sparks. The defendant waived his right to a preliminary hearing in this district and requested that a preliminary hearing be held in the prosecuting district. The defendant shall report to District of Columbia for further proceedings on 1/28/2021 at 1:00 p.m. via video conference. The Court's Case Manager will provide the Zoom link to counsel via email. cc: Counsel, USM, USDC−D.C. (DLW) (Entered: 01/22/2021) |

AO 91 (Rev. 11/11) Criminal Complaint

<table>
<tr><td></td><td>

**FILED**

JAMES J. VILT JR.,
CLERK

1/20/21

U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
3:21MJ-29-CHL Rule 5
</td></tr>
</table>

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| United States of America | ) | |
|---|---|---|
| v. | ) | Case: 1:21-mj-00098 |
| | ) | Assigned to: Judge Robin M. Meriweather |
| **Michael Sparks** | ) | Assign Date: 1/17/2021 |
| | ) | Description: COMPLAINT W/ARREST WARRANT |
| | ) | |
| **Date of Birth: XXXXXXXX** | ) | |

_Defendant(s)_

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ January 6, 2021 _____ in the county of _____ in the _____ in the District of ___ Columbia ___ , the defendant(s) violated:

| _Code Section_ | _Offense Description_ |
|---|---|

18 USC 1752(a) Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority
40 USC 5104(e)(2) Violent Entry and Disorderly Conduct on Capitol Grounds
18 USC 231(a)(3) Obstructing Law Enforcement

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

_____
Matthew Hamel, Special Agent
_Printed name and title_

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: ___ 01/17/2021 ___

City and state: ___ Washington D.C. ___

Robin M. Meriweather
Digitally signed by Robin M. Meriweather
Date: 2021.01.17 12:40:49 -05'00'

_Judge's signature_

Robin M. Meriweather
United States Magistrate Judge
_Printed name and title_

3

Case 8:21-mj-00299-CHL Document 1 Filed 01/22/21 Page 3 of 22 PageID #: 24
Case 1:21-mj-00098-RMM Document

Case: 1:21-mj-00098
Assigned to: Judge Robin M. Meriweather
Assign Date: 1/17/2021
Description: COMPLAINT W/ARREST WARRANT

## STATEMENT OF FACTS

Your affiant, Matthew Hamel, Special Agent with the Federal Bureau of Investigation ("FBI"), is one of the agents assigned to an ongoing investigation of riots and civil disorder that occurred on January 6, 2021, in and around the United States Capitol grounds by the FBI, United States Capitol Police ("USCP"), Metropolitan Police Department ("MPD") and other law enforcement agencies. I am presently assigned to the Washington Field Office. As a Special Agent with the FBI, I am authorized by law or by a Government agency to engage in or supervise the prevention, detention, investigation, or prosecution of violations of Federal criminal laws.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

On Thursday, January 7, 2021, a tipster, who will be referred to as T-1, called the FBI's National Threat Operations Center (NTOC) and identified MICHAEL SPARKS as being the first individual to climb through a broken window into the U.S. Capitol building on January 6, 2021.

The next day, an FBI agent interviewed T-1 by telephone. T-1 explained that (s)he is an acquaintance of SPARKS and overheard SPARKS discuss plans to travel to Washington, D.C. on January 6, 2021 to attend the pro-Trump rally. (S)he heard SPARKS tell another person, "This time we are going to shut it down."

After the incidents at the U.S. Capitol on January 6, 2021, T-1 saw videos and photographs posted online of men breaking windows and illegally entering the U.S. Capitol building; T-1 identified SPARKS in some of those videos and photographs. On January 12, 2021, law enforcement conducted an in-person interview with T-1.[1] T-1 reviewed several videos and screenshots of individuals inside the U.S. Capitol building and again identified SPARKS.

In particular, T-1 identified SPARKS in a video in which SPARKS is inside the Capitol building confronting a U.S. Capitol Police ("USCP-1"). Video footage from January 6, 2021, which has been widely posted online, including on The Washington Post webpage, shows SPARKS following a group of men inside the U.S. Capitol building.[2]  The group is led by Douglas Austin Jensen. The video shows Jensen leading the crowd toward USCP-1 in a menacing manner, which causes USCP-1 to retreat. When USCP-1 reaches a staircase, he turns and runs up a flight of stairs in an attempt to get help. The video footage captures Jensen chasing USCP-1 up the stairs while shouting at him, as the group of men follows. Once Jensen and USCP-1 reach the next floor, several other USCP officers walk up in an effort to assist USCP-1 and stop Jensen and the group. SPARKS then walks to the front of the group and confronts USCP-1. A USCP officer yells, "Leave now!" to which SPARKS responds, "We're standing here for you as well." SPARKS then yells, "This is our America! This is our America!" He becomes increasingly agitated and points his finger at USPC-1. A Reuters photograph from SPARKS's confrontation with USCP-1 shows him wearing black gloves with a skeleton imprint, black jacket, jeans, and glasses:

---

[1] One of the officers participated by telephone.

[2] The video can be viewed here: https://www.washingtonpost.com/video/national/lone-capitol-police-officer-eugene-goodman-diverts-capitol-rioters/2021/01/11/ba67a5e8-5f9b-4a9a-a7b7-93549f6a81b3_video.html



After talking to the FBI agent on January 8, 2021, T-1 sent the following screenshots from various news sources by email to the agent, and identified SPARKS in the photographs as the man wearing glasses with a black jacket and no hat:







In the top photograph, SPARKS appears to be wearing the same black gloves that can be seen in the Reuters photograph above, but in the bottom two photographs he is no longer wearing those

gloves and appears to be photographing or videotaping the encounter with officers using a black in color cellphone.

      T-1 also reviewed a video of individuals breaking a window of the U.S. Capitol building using a plastic police shield. T-1 identified SPARKS (circled in red below) as the individual who first climbs into the building after the glass is broken, as shown in the screenshots below:[3]





SPARKS is wearing blue jeans, a black jacket, hat, and black gloves with an imprint on them. As noted above, SPARKS was wearing that same clothing inside the U.S. Capitol building (except for the hat).

---

[3] The video can be viewed here: https://www.youtube.com/watch?v=FlfMHNYx4Vo

Video surveillance from inside the U.S. Capitol building on January 6, 2021, shows SPARKS entering through the window and jumping down to the floor at about 2:13 p.m. A screenshot from that video shows him immediately after he climbed through the window:



The timing of this incident is consistent with USCP surveillance video from inside the U.S. Capitol building near the Ohio Clock corridor at about 2:15 p.m., where SPARKS is seen confronting USCP officers. Screenshots from that video show SPARKS confronting officers:





The FBI also received a tip from another tipster, who will be referred to as T-2. T-2 sent the FBI a photograph of SPARKS inside the U.S. Capitol building on January 6, 2021. T-2 circled SPARKS using a red marker:



Tipster 3 (T-3), who knows SPARKS well, also contacted the FBI because T-3 was concerned about messages that SPARKS posted on his Facebook page after January 6, 2021. T-3 provided screenshots of several Facebook messages from SPARKS's Facebook page. T-3 stated that she is Facebook friends with Mike Sparks and recognizes the Facebook profile titled, "Mike Sparks," as SPARKS's account. In one post provided by T-3, SPARKS ominously warns, "A new dawn is coming. Be ready. Just pray and trust in the Lord":



In another post provided by T-3, SPARKS states, "TRUMP WILL BE YOUR PRESIDENT 4 more years in JESUS NAME. No need to reply to this just be ready for a lot of big events. Have radios for power loss etc. Love every body [sic]":



T-3 also provided the FBI with other screenshots from SPARKS's Facebook page in which he states that he will be traveling to D.C. for the pro-Trump rally. On December 30, 2020, SPARKS replies to President Trump's message, "JANUARY SIXTH, SEE YOU IN DC!," by saying, "I'll be there."



T-3 stated in an email to an FBI agent that she knew of SPARK's attendance at the pro-Trump rally due to social media posts and text messages SPARKS sent to another family member.

Your Affiant reviewed the publicly available Facebook account for "Mike Sparks," which states that he lives in Elizabethtown, Kentucky, and is married to Amanda Swan Sparks. Your affiant verified through a law enforcement database that SPARKS is married to Amanda Sparks.

Based on the foregoing, your affiant submits that there is probable cause to believe that Michael N. SPARKS violated 18 U.S.C. § 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; or attempts or conspires to do so.

For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Your affiant submits there is probable cause to believe that Michael N. SPARKS violated 40 U.S.C. § 5104(e)(2)(D) and (G), which makes it a crime to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

Your affiant submits there is probable cause to believe that Michael N. SPARKS violated 18 U.S.C. 231(a)(3), which makes it unlawful to commit or attempt to commit any act to obstruct, impede, or interfere with any . . . law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects . . . the conduct or performance of any federally protected function.

For purposes of Section 231, the term "civil disorder" means any public disturbance involving acts of violence by assemblages of three or more persons which causes an immediate danger of, or results in damage or injury to property or person of any other individual. *See* 18 U.S.C. § (1).

For purposes of Section 231, a federally protected function means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer of employee thereof. This includes the Joint

Session of Congress where the Senate and House count Electoral College votes. *See* 18 U.S.C. § (3).

For purposes of Section 231, the term "law enforcement officer" means any officer or employee of the United States, any State, any political subdivision of a State, or the District of Columbia, while engaged in the enforcement or prosecution of any of the criminal laws of the United States, a State, any political subdivision of a State, or the District of Columbia . . . . *See* 18 U.S.C. § (7).

_____
Matthew Hamel
SPECIAL AGENT
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 17th day of January 2021.

Robin M.
Meriweather

Digitally signed by Robin M. Meriweather
Date: 2021.01.17 12:43:59 -05'00'

_____
Robin M. Meriweather
U.S. MAGISTRATE JUDGE

AO 98 (Rev. 12/11) Appearance Bond

**FILED**

JAMES J. VILT JR.,

CLERK

1/20/21

U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

# UNITED STATES DISTRICT COURT

### for the

### Western District of Kentucky

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| MICHAEL SPARKS | ) | Case No. 3:21MJ-29 |
| | ) | |
| *Defendant* | ) | |

## APPEARANCE BOND

### Defendant's Agreement

I, _____ MICHAEL SPARKS _____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

      ( X ) to appear for court proceedings;
      ( X ) if convicted, to surrender to serve a sentence that the court may impose; or
      ( X ) to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(    ) (1) This is a personal recognizance bond.

( X ) (2) This is an unsecured bond of $ 25,000.00 .

(    ) (3) This is a secured bond of $ _____ , secured by:

    (  ) (a) $ _____ , in cash deposited with the court.

    (  ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value):*

    If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    (  ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety):*

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1)     all owners of the property securing this appearance bond are included on the bond;

(2)     the property is not subject to claims, except as described above; and

(3)     I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: *1-20-21*

_____
*Defendant's signature*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

CLERK OF COURT

Date: 1/20/2021

_____
*Signature of Clerk or Deputy Clerk*

Approved.

Date: 1/20/2021

_____
*Judge's signature*

| Print | Save As... | Add Attachment | | Reset |

16

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

United States of America                    )
v.                              )
MICHAEL SPARKS                       )         Case No.   3:21MJ-29
                                )
_____         )
*Defendant*                      )

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)   The defendant must not violate federal, state, or local law while on release.

(2)   The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)   The defendant must advise the court or the pretrial services office or supervising officer in writing before making
      any change of residence or telephone number.

(4)   The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that
      the court may impose.

      The defendant must appear at:    U.S. District Court as directed
      _____
                                                  *Place*

      on   _____
                                          *Date and Time*

      If blank, defendant will be notified of next appearance.

(5)   The defendant must sign an Appearance Bond, if ordered.

Print          Save As...                              Reset

# ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ☐ )  (6)  The defendant is placed in the custody of:

Person or organization _____

Address *(only if above is an organization)* _____

City and state _____     Tel. No. _____

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____
Custodian                                    Date

( ☑ )  (7)  The defendant must:

( ☑ )  (a)  submit to supervision by and report for supervision to the   U.S. Probation as directed_____,
telephone number _____ , no later than _____ .

( ☐ )  (b)  continue or actively seek employment.

( ☐ )  (c)  continue or start an education program.

( ☐ )  (d)  surrender any passport to:   U.S. Probation

( ☐ )  (e)  not obtain a passport or other international travel document.

( ☑ )  (f)  abide by the following restrictions on personal association, residence, or travel:   Western District of Kentucky except for court only travel to District of Columbia.
Any other travel outside of WDKY may be approved at discretion of United States Probation in advance of travel.

( ☐ )  (g)  avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution,
including:

( ☐ )  (h)  get medical or psychiatric treatment:

( ☐ )  (i)  return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling,
or the following purposes:

( ☐ )  (j)  maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers
necessary.

( ☑ )  (k)  not possess a firearm, destructive device, or other weapon. Or be in a residence or vehicle where a firearm or other weapon is present.

( ☐ )  (l)  not use alcohol ( ☐ ) at all ( ☐ ) excessively.

( ☐ )  (m)  not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed
medical practitioner. Including marijuana

( ☐ )  (n)  submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with
random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of
prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy
of prohibited substance screening or testing.

( ☐ )  (o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or
supervising officer.

( ☐ )  (p)  This form of location monitoring shall be utilized to monitor the following restriction on the defendant's movement in the community as
well as other court-imposed conditions of release.

( ☐ )  (i)  **Curfew.** You are restricted to your residence every day from _____ to _____ or as directed by the supervising officer.

( ☐ )  (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services;
medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other
activities as pre-approved by the supervising officer.

( ☐ )  (iii)  **Home Incarceration.** You are restricted to your residence at all times except for medical necessities and court appearances
or other activities specifically approved by the Court.

( ☐ )  (q)  submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program
requirements and instructions provided.

( ☐ )  You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or
supervising officer.

( ☐ )  You must comply with the technology requirements and the form of Location Monitoring as indicated below.

( ☐ )  Location Monitoring Equipment To Be Used:

( ☐ )  Location monitoring technology at the discretion of the officer

( ☐ )  Radio Frequency (RF) Monitoring

( ☐ )  Active GPS Monitoring

( ☐ )  Voice Recognition

( ☐ )  (r)  report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including
arrests, questioning, or traffic stops.

( ☐ )  (s)  The defendant shall contribute to the United States Probation Office's cost of services rendered based upon his/her ability to pay as
reflected in his/her monthly cash flow as it relates to the court-approved sliding scale fee.

AO 199C (Rev. 09/08) Advice of Penalties

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Defendant's Signature

_____
City and State

### Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing.

( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____1/20/2021_____

_____
Judicial Officer's Signature

COLIN H. LINDSAY, UNITED STATES MAGISTRATE JUDGE
Printed name and title

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

# United States District Court
# Western District of Kentucky
# at Louisville

**UNITED STATES OF AMERICA**                                               **PLAINTIFF**

**VS.**                                               **CRIMINAL ACTION NUMBER: 3:21-MJ-29**

**MICHAEL SPARKS**

                                                                          **DEFENDANT**

## <u>ORDER</u>

On January 20, 2021, Colin H. Lindsay, United States Magistrate Judge held an initial appearance via video conference on a Complaint from the District of Columbia (Case Number 1:21MJ-98).   Assistant United States Attorney Joshua Judd appeared on behalf of the United States.   The defendant was present, in custody, at the Oldham County Jail.   Brian Butler, retained counsel, appeared on behalf of the defendant.   The proceeding was digitally recorded.

The defendant, via counsel, consented to proceed with initial appearance via video conference.

At the initial appearance, the defendant acknowledged his identity, was furnished with a copy of Complaint, was advised of the nature of the charges contained therein and was advised of his rights.

The Court advised the defendant regarding the provisions of Rule 20.   The Court also reminded the United States of its prosecutorial obligation under *Brady v. Maryland*, 373 U.S. 83 (1963).

The United States did not move for detention. By agreement of counsel and United States Probation, and for the reasons stated on the record,

**IT IS HEREBY ORDERED** that the defendant is released on a $25,000 unsecured bond with an order setting conditions of release.

**IT IS FURTHER ORDERED** that a preliminary hearing is scheduled for **January 22, 2021, at 1:00 p.m**. via video conference before Colin H. Lindsay, United States Magistrate Judge.

January 20, 2021

Colin H Lindsay, Magistrate Judge
United States District Court

:20

AO 466A (Rev. 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

FILED

JAMES J. VILT JR.,
CLERK

1/21/21

U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

United States of America
)
v.
)        Case No.    3:21MJ-29-CHL
)
*Michael Sparks*
)        Charging District's Case No.    1:21MJ-98-RMM
)
Defendant
)

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* *District of Columbia*

I have been informed of the charges and of my rights to:

(1)        retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)        an identity hearing to determine whether I am the person named in the charges;

(3)        production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)        a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)        a hearing on any motion by the government for detention;

(6)        request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☐        an identity hearing and production of the warrant.

☐        a preliminary hearing.

☐        a detention hearing.

☑        an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my ☑ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:  *1-21-21*                          *Michael A. Sparks*
                                                              Defendant's signature

                                                              Signature of defendant's attorney

                                              *BRIAN BUTLER*
                                                              Printed name of defendant's attorney

# United States District Court
## Western District of Kentucky
## at Louisville

UNITED STATES OF AMERICA                                    **PLAINTIFF**

VS.                        **CRIMINAL ACTION NUMBER: 3:21-MJ-29**

MICHAEL SPARKS

                                                   **DEFENDANT**

## <u>ORDER</u>

The above-styled case was scheduled for a preliminary hearing on January 22, 2021 on a Complaint from the District of Columbia (Case Number 1:21MJ-98).   On January 21, 2021, the defendant filed a Waiver of Rule 5 Hearing (DN 4).   Per the waiver, the defendant waived his right to a preliminary hearing in this district and requested that a preliminary hearing be held in the prosecuting district.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant shall report to District of Columbia for further proceedings on **January 28, 2021 at 1:00 p.m**. via video conference.   The undersigned's Case Manager will provide the Zoom link to counsel via email.

January 22, 2021

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel, USM, USDC-D.C.